UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE J. ABRAMS, | : | Case No. 1:09-cv-19 |
| | : | |
| Plaintiff, | : | Dlott, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff was not entitled to Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") at 13-21) (ALJ's decision)).

**I.**

On April 14, 2005, Plaintiff filed an application for SSI, alleging a disability onset date of October 4, 1999. (Tr. 69-71). Plaintiff's claim was denied initially and upon reconsideration.

Plaintiff then timely requested a hearing before an ALJ. A hearing was held on May 6, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 296-343). A

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

vocational expert, William Cody, was also present and testified.

On June 18, 2008, the ALJ entered her decision finding Plaintiff was not disabled. (Tr. 13-21). That decision became Defendant's final determination upon denial of review by the Appeals Council on November 12, 2008. (Tr. 6-9).

The ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since April 14, 2005, the application date (20 CFR 416.920(b) and 416.971 *et seq*.).

2. The claimant has the following severe impairments: a birth defect (shorter than normal upper extremities with incomplete bone development between the wrists and forearms) and borderline intellectual functioning (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416, 925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds the claimant has the following residual functional capacity: Physically, she can lift/carry up to 10 lbs frequently and 20 lbs occasionally; she has no limitations on standing, walking, or sitting; she can do frequent handling, fingering, and manipulation but not constant; she cannot do overhead work; and she should not be exposed to extreme cold. Mentally, she is limited to simple, routine, and repetitive work.

5. The claimant has no past relevant work (20 CFR 416.965).

6. Born January 7, 1972, the claimant was 33 years old when she filed this application for supplemental security income, which is defined as a "younger individual age 18-49" (20 CFR 416.968).

7. The claimant graduated high school in special education classes (20 CFR 404.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform (20 CFR 416.960(c) and 416.966).

10. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. (20 CFR 416.920(g).

(Tr. 15-20).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not eligible for SSI during the closed period. (Tr. 22).

On appeal, Plaintiff maintains that the ALJ erred in failing to give controlling weight to the opinions of Dr. Heindl, Dr. Gupta, and Mr. Seifert. Upon careful review, the undersigned finds that Plaintiff's assertions are unavailing.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

## III.

Plaintiff argues that the ALJ erred in failing to give controlling weight to the findings of Dr. Heindl, Dr. Gupta, and Mr. Seifert. For the reasons that follow, the undersigned finds that Plaintiff's assertions lack merit.

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Mere diagnosis of a

condition is not indicative of a disabling functional debilitation. *See Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson,* 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p). Nonetheless, the ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician. *See* Soc. Sec. Ruling 96-5p; *see also Varley,* 820 F.2d at 780.

A.  *Dr. Heindl*

Plaintiff maintains that she has been treated by Dr. Heindl, a family practitioner, for over a decade. In May 2005, Dr. Heindl opined that Plaintiff was limited to lifting five to ten pounds occasionally during the day. (Tr. 189). Thereafter, in March 2008, Dr. Heidl completed a Physical Residual Functional Capacity Assessment wherein he found that Plaintiff could: lift five pounds occasionally; stand/walk about six hours out of eight; sit for less than six hours in a day; not push/pull without limitation; frequently balance; occasionally stoop, crouch and crawl; never climb or kneel; not reach, handle, or finger without limitation, not hear without severe limitations; not tolerate any exposure to extreme cold or hazards, moderate exposure to wetness and humidity, or concentrated exposure to extreme heat. (Tr. 228-36). Dr. Heindl cited pain due to Plaintiff's congenital wrist deformity, osteoarthritis of the knees, and her use of a hearing aid. (Tr. 228-36).

The ALJ, however, rejected Dr. Heindl's disability opinion, finding it was "totally inconsistent and unsupported." (Tr. 18). With respect to Dr. Heindl's May 2005 assessment, the ALJ noted that Dr. Heindl failed to city any limitations on specific manipulative functions, and stated that "there is no indication he ever tested her upper extremity strength, so [Dr. Heindl's] 5-10 lbs limitation is arguably based solely on the claimant's subjective assertions." *Id*.

Moreover, Dr. Heindl's 2005 opinion was contradicted by Plaintiff's pediatric orthopedist, who found that no restrictions were necessary and found that she had only minimally diminished strength, at most (Tr. 154). Thus, the ALJ was well justified in not giving Dr. Heindl's opinion controlling or great weight.

The ALJ also discredited Dr. Heindl's March 2008 assessments, noting that Dr. Heindl reduced Plaintiff's lifting capacity to five pounds occasionally and limited her sitting to less than six hours a day, yet he offered no explanation how Plaintiff's congenital defect of the upper extremities would in anyway limited sitting. *Id*. The ALJ further noted that Dr. Heindl's office notes from February 2005 to March 2008 primarily discuss medication refills and Plaintiff's efforts to stop smoking, and thus provide no objective evidence or clinical findings in support of the limitations in his disability assessments. Furthermore, the opinion of specialist Dr. Crawford also contradicted Dr. Heindl's restrictions. (Tr. 154).

Accordingly, the undersigned finds that the ALJ's decision to give little or no weight to the findings of Dr. Heindl is supported by substantial evidence and should not

be disturbed.

  *B.* *Dr. Gupta*

  Plaintiff further maintains that Dr. Heindl's findings are consistent with the findings of Dr. Gupta and are therefore entitled to deference. Plaintiff's assertion is unavailing.

  As noted by the ALJ, in July 2005, Dr. Gupta performed a one-time physical examination for the Ohio Department of Job and Family Services, wherein he opined that Plaintiff could stand/walk only one hour a day, 15 minutes at a time. (Tr. 200). The ALJ, however, assigned no weight to Dr. Gupta's opinion because he failed to provide any clinical or diagnostic findings to support his opinions. (Tr. 19, 198-200). Moreover, the ALJ noted that Dr. Gupta's opinion - which limited Plaintiff to one hour of walking - contradicted Dr. Heindl's May 2005 opinion. (Tr. 19).

  Given this evidence, the ALJ reasonably rejected Dr. Gupta's conclusory opinions. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.") (internal quotation and citation omitted).

  *C.* *Mr. Seifert*

  In July 2005, Plaintiff was evaluated by psychologist Dale Sefert, M.S. Ed., in connection with her SSI application. (Tr. 191). Mr. Seifert diagnosed Plaintiff with dysthmic disorder and panic disorder, and assigned her a Global Assessment of

Functioning (GAF) of 60.[2] (Tr. 195). He felt that she had moderate limitations in her abilities to withstand stress and pressure associated with work, as well as mild limitations in her abilities to relate to others, understand and follow instructions, and maintain attention to perform simple repetitive tasks. (Tr. 195). Nonetheless, he concluded that she was unemployable. (Tr. 197).

The ALJ rejected Mr. Seifert's assessment, finding that Mr. Seifert's notes, which indicated limited symptomology, clashed with his opinion finding her limited in various work-related mental abilities. (Tr. 16, 191-96). The ALJ further noted Plaintiff's limited mental health treatment. As the ALJ pointed out, Plaintiff did not go to counseling until a year after she applied for SSI. (Tr. 13, 16, 239-44). Finally, both Plaintiff and Dr. Heindl reported that her depression was well-controlled with medication. (Tr. 17, 236, 315-16).

Furthermore, after considering the evidence concerning Plaintiff's mental impairments, the ALJ limited Plaintiff to simple, routine and repetitive work in order to account for her finding that Plaintiff had moderate limitations in maintaining concentration, persistence or pace. (Tr. 17).

Here, the ALJ clearly articulated his reasoning for the weight assigned to the opinions of Dr. Heindl, Dr. Gupta and Mr. Seifert, and the undersigned finds that his

---

[2] The GAF scale is used to report a clinician's judgment of an individual's overall level of functioning. Clinicians select a specific GAF score within the ten-point range by evaluating whether the individual is functioning at the higher or lower end of the range. A GAF score of 51- 60 indicates moderate symptoms, such as flat affect and circumstantial speech, or suggests moderate difficulty in social, occupational, or school functioning. See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 33-34 (American Psychiatric Association, 4th ed. text rev. 2000) (DSM-IV-TR).

decision to give little weight to their findings is supported by substantial evidence.

Accordingly, for the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date: December 14, 2009                s/Timothy S. Black
                                       Timothy S. Black
                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE J. ABRAMS, | : | Case No. 1:09-cv-19 |
| | : | |
| Plaintiff, | : | Dlott, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

# NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).